UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HARDESTY,

        Petitioner,

v.                                        CASE NO. 2:06-12835
                                          HONORABLE GEORGE CARAM STEEH

WILLIE O. SMITH,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE HABEAS PETITION

Petitioner William Hardesty has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for murder and assault with intent to murder. Respondent argues in a motion for summary judgment that Petitioner has failed to comply with the statute of limitations. The Court agrees with Respondent that the habeas petition is time-barred. Therefore, the motion for summary judgment will be granted and the habeas corpus petition dismissed.

### I. Background

In 1981, a circuit court jury in Washtenaw County, Michigan found Petitioner guilty, but mentally ill, of four counts of first-degree murder, Mich. Comp. Laws § 750.316, one count of second-degree murder, Mich. Comp. Laws § 750.317, and two counts of assault with intent to murder, Mich. Comp. Laws § 750.83. On March 27, 1981, the trial court sentenced Petitioner to concurrent terms of life imprisonment for the first-degree murder convictions, 100 to 200 years for the second-degree murder conviction, and 150 to 300 years for the assault convictions.

Petitioner appealed as of right, alleging, among other things, that his constitutional rights were violated because he was forced to take psychotropic drugs during trial. The Michigan Court of Appeals affirmed Petitioner's convictions after declining to hold that a defendant must be allowed to discontinue medicinal treatment so that the jury could observe the defendant's demeanor in a drug-free state. *See People v. Hardesty*, 139 Mich. App. 124; 362 N.W.2d 787 (1984). On February 5, 1986, the Michigan Supreme Court denied leave to appeal. *See People v. Hardesty*, No. 75534 (Mich. Sup. Ct. Feb. 5, 1986).

The record indicates that, in 2000, Petitioner filed a motion for relief from judgment alleging ineffective assistance of counsel. The trial court denied Petitioner's motion, but he did not appeal the court's decision.

In 2004 Petitioner filed a second motion for relief from judgment in which he raised his habeas claims. The trial court denied his motion on August 10, 2004, after concluding that Petitioner had filed a successive motion under Michigan Court Rule 6.502(G)[1] and that he was

---

[1] This rule provides as follows:

**(G) Successive Motions.**

(1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.

(2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

not entitled to relief under *Sell v. United States*, 539 U.S. 166 (2003), because his case was governed by precedent existing at the time his conviction became final. Petitioner appealed the trial court's decision, but the Michigan Court of Appeals dismissed his application for lack of jurisdiction. The court of appeals noted that the appeal stemmed from Petitioner's second motion for relief from judgment and that the motion was not based on newly discovered evidence or a retroactive change in the law. *See People v. Hardesty*, No. 259666 (Mich. Ct. App. Dec. 29, 2004). On May 31, 2005, the Michigan Supreme Court likewise denied leave to appeal because Petitioner's motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Hardesty*, 472 Mich. 920; 696 N.W.2d 715 (2005) (table). The Michigan Supreme Court denied reconsideration on July 26, 2005. *See People v. Hardesty*, 473 Mich. 886; 699 N.W.2d 701 (2005) (table).

The habeas corpus petition is dated June 20, 2006, and it was filed by the Clerk of Court on June 27, 2006. The grounds raised are:

> I. Petitioner was denied his state and federal constitutional rights where the trial court abused its discretion specifically denying Petitioner's relief from judgment, where pursuant to 6.502(G)(2), Petitioner claims a retroactive change in law undermines the trial court's prior decision not to be heavily drugged during trial.
>
> II. Petitioner was denied his state and federal constitutional rights when Petitioner's trial counsel never filed any motion for Petitioner to discontinue heavy drugs (tranquilizers) even though he requested not to be drugged, thereby making counsel ineffective.
>
> III. Petitioner was denied his state and federal constitutional rights where the trial court abused its discretion specifically denying

---

Mich. Ct. Rule 6.502(G).

3

>relief from judgment pursuant to 6.508(D)(3) where Petitioner also claimed the ineffective assistance of counsel amounted to jurisdictional defect.

## II.  Discussion

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), established a one-year period of limitation for state prisoners to file their habeas corpus petitions.  *See* 28 U.S.C. § 2244(d).  The limitation period runs from the latest of

>**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's convictions became final in 1986.  For inmates like him, whose convictions became final before the AEDPA was enacted on April 24, 1996, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions.  *Ross v. Berghuis*, 417 F.3d 552, 554 (6th Cir. 2005) (citing *Griffin v. Rogers,* 399 F.3d 626, 631-632 (6th Cir.2005)); *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir. 2002) (citing *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *reversed on other grounds*, 530 U.S. 1257 (2000)).  Because Petitioner did not file his habeas petition until 2006, his pleading is time-barred, absent tolling or a delayed start to the limitation

period.

### B. Statutory Tolling

The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's motions for relief from judgment had no impact on the statute of limitations because they were filed after the limitation period expired. *Ross*, 417 F.3d at 554; *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Thus, statutory tolling under § 2244(d)(2) is inappropriate here.

### C. Delayed Start

Petitioner would have the Court delay the start of the limitation period based on the Supreme Court's decision in *Sell v. United States*, 539 U.S. 166 (2003). The Supreme Court held in *Sell* that, only in rare and limited circumstances does the Constitution permit the Government to administer antipsychotic drugs involuntarily to a mentally ill defendant in order to render the defendant competent to stand trial for serious crimes.

The habeas statute of limitations can run from the date on which the Supreme Court recognizes a new constitutional right, provided that the Supreme Court makes the right retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). The Supreme Court, however, has not held that *Sell* applies retroactively to cases on collateral review. Therefore, the limitation period did not begin to run on June 16, 2003, when the Supreme Court issued its decision in *Sell*.

### D.  Equitable Tolling

Although Petitioner does not argue in favor of equitable tolling, the Court notes that equitable tolling does apply to the one-year limitation period for habeas petitions.  *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).  To be entitled to equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Courts in this Circuit ordinarily must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary."  *Dunlap*, 250 F.3d at 1009.  The *Andrews* factors are:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151.

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he was ignorant of the filing requirement or that he lacked notice or constructive knowledge of the statute of limitations.  He also was not diligent in pursuing his claims.  The legal framework for his substantive issues was set forth in two Supreme Court cases that were decided before the AEDPA was enacted:  *Washington v. Harper*, 494 U.S. 210 (1990), and *Riggins v. Nevada*, 504 U.S. 127 (1992).  As explained in *Sell*,

> [t]hese two cases, *Harper* and *Riggins*, indicate that the Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically

appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests.

*Sell*, 539 U.S. at 179.  The Court declines to equitably toll the limitations period, because Petitioner has not satisfied the *Andrews* factors.

### III.  Conclusion

Petitioner filed his habeas corpus petition twenty years after his conviction became final and nine years after the statute of limitations expired.   Statutory tolling and equitable tolling are not appropriate here, and there is no retroactive change in the law that delayed the start of the limitation period.  Consequently, Respondent's motion for summary judgment [Doc. 7, Jan. 5, 2007] is **GRANTED**, and the petition for a writ of habeas corpus [Doc. 1, June 27, 2006] is **DISMISSED** with prejudice.

Dated:  April 2, 2007

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 2, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee

Deputy Clerk

---