UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HARDESTY,

         Petitioner,

v.                                          CASE NO. 2:06-12835
                                         HONORABLE GEORGE CARAM STEEH

WILLIE O. SMITH,

         Respondent.
_____/

**ORDER**
**(1) GRANTING PETITIONER'S MOTION TO EXTEND**
**THE TIME FOR FILING A NOTICE OF APPEAL,**
**(2) GRANTING PETITIONER'S APPLICATION TO PROCEED**
**WITHOUT PREPAYMENT OF THE APPELLATE FILING FEE, AND**
**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner William Hardesty has appealed the Court's dismissal of his habeas corpus petition. Currently pending before the Court are Petitioner's motion to extend the time for filing an appeal and his application to proceed without prepayment of the appellate filing fee.

**I. The Motion to Extend the Time for Filing an Appeal**

Habeas corpus proceedings are considered civil cases, *Mayle v. Felix*, 545 U.S. 644, 654 n.4 (2005), and a party generally has thirty days in which to file an appeal in a civil case. Fed. R. App. P. 4(a)(1)(A). The Court dismissed Petitioner's habeas corpus petition on April 2, 2007. The deadline for filing an appeal was thirty days later, or May 2, 2007. Petitioner did not file his notice of appeal until May 14, 2007. Although he missed the thirty-day deadline for filing a notice of appeal,

1

> [t]he district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Petitioner has shown excusable neglect or good cause for his untimely appeal by alleging that he suffers from mental illness and failed to understand the significance of the Court's opinion. And because he filed his notice of appeal within sixty days of the Court's dispositive opinion, he has satisfied the requirements of Rule 4(a)(5)(A). His motion to extend the time for filing a notice of appeal [Doc. #16, May 14, 2007] is GRANTED.

## II. The Motions for a Leave to Proceed In Forma Pauperis on Appeal and for a Certificate of Appealability

The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A [certificate of appealability] may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484.

The Court dismissed the habeas petition on a procedural ground: Petitioner failed to comply with the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Petitioner filed his habeas petition twenty years after his conviction became final and nine years after the statute of limitations expired. The Court determined that statutory and equitable tolling were not appropriate and that no retroactive change in the law delayed the start of the limitation period.

Reasonable jurists would not debate the Court's procedural ruling or whether Petitioner has stated a valid claim of the denial of a constitutional right. The Court therefore DECLINES to grant a certificate of appealability.

Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in the District Court. Fed. R. App. P. 24(a)(3). His application to proceed without prepayment of the fees and costs for his appeal [Doc. 19, May 14, 2007] is GRANTED.

Dated: June 4, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 4, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---